UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARELLI AUTOMOTIVE LIGHTING, USA, LLC,
et al.,

       Plaintiffs,                          Case No. 20-10331

vs.                                          HON. MARK A. GOLDSMITH

INDUSTRIAS BM DE MEXICO, S.A. DE C.V.,

       Defendant.
_____/

**OPINION & ORDER**
**GRANTING PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT**
**(Dkt. 29)**

        This matter is before the Court on Plaintiffs Marelli Automotive Lighting, USA, LLC and AXA Insurance Company's motion for entry of default judgment against Defendant Industrias BM de Mexico, S.A. de C.V. (Dkt. 29), which was served with a summons and complaint, as authorized by this Court (Dkt. 18). Following the clerk's entry of default for failure to appear (Dkt. 23), Plaintiffs sent Industrias (i) notice of their intent to file for entry of a default judgment, (ii) a formal demand and damage summary, and (iii) the present motion through email, overnight shipment, and hand delivery via Mexican public courier. Mot. at 7. Plaintiffs have received only silence in response. Id. For the reasons that follow, the Court grants Plaintiffs' motion for entry of default judgment.

**I. ANALYSIS**

        Under Federal Rule of Civil Procedure 55(b)(2), a court may in its discretion enter a default judgment where the court has jurisdiction and where the movant has met certain procedural requirements. See Antoine v. Atlas Turner, Inc., 66 F.3d 105, 108–109 (6th Cir. 1995). When

1

determining whether to enter a default judgment, the court should consider certain specified factors. See Russell v. City of Farmington Hills, 34 F. App'x 196, 198 (6th Cir. 2002). Because the jurisdictional and procedural requirements are met and the specified factors weigh in favor of Plaintiffs, the Court grants the motion for default judgment.

**A. Jurisdiction**

To obtain entry of a default judgment, the movant must first show that the court has jurisdiction over the case and the party subject to the judgment. Antoine, 66 F.3d at 108. Because a default has been entered against Industrias, "that party is deemed to have admitted all of the well pleaded allegations in the Complaint, including jurisdictional averments." Ford Motor Co. v. Cross, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). Even without this admission, the Court finds that jurisdiction is properly asserted over Industrias.

The Court has subject-matter jurisdiction based in diversity of citizenship under 28 U.S.C. § 1332.[1]

The Court has personal jurisdiction because (i) the forum state's long-arm statute authorizes jurisdiction and (ii) the exercise of jurisdiction comports with jurisdictional due process. Air Prods. & Controls, Inc. v. Safetech Int'l, Inc., 503 F.3d 544, 550 (6th Cir. 2007). One of Michigan's long-arm statutes, Mich. Comp. Laws § 600.715, provides for jurisdiction over a corporate defendant where that defendant has either (i) engaged in "[t]he transaction of any business within the state" or (ii) effected "[t]he doing or causing [of] any act to be done, or

---

[1] The sole member of Marelli, a "limited liability corporation," is a corporation incorporated in Delaware with its principal place of business in Michigan. Am. Compl. ¶ 1 (Dkt. 4). AXA is a corporation incorporated in Delaware with its principal place of business in New York. Id. ¶ 2. Industrias is corporation incorporated in Mexico with its principal place of business in Mexico. Id. ¶ 4. The amount in controversy—in excess of $3 million—exceeds the jurisdictional minimum. 28 U.S.C. § 1332(a).

2

consequences to occur, in the state resulting in an action for tort." Here, Industrias has done business in Michigan by contracting with Marelli, a company with its principal place of business in Michigan. And Industrias has caused consequences—the destruction of Marelli's equipment allegedly due to Industrias's negligence—resulting in the instant tort action. Section 600.715, therefore, authorizes jurisdiction.

The due process requirement is also satisfied. Industrias's decision to repeatedly seek business opportunities in Michigan by contracting with and providing price quotes for a Michigan company, see Mot. at 11, demonstrates that Industrias "deliberately reached out beyond its home." Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 141 S. Ct. 1017, 1025 (2021) (punctuation modified). Industrias's contacts in the forum state—including its engagement in a commercial relationship that resulted in its loan of Marelli's tooling equipment—are "related to the operative facts of the controversy," and so the current action is "deemed to have arisen from those contacts." Bird v. Parsons, 289 F.3d 865, 875 (6th Cir. 2002) (punctuation modified). In its refusal to engage in this dispute, Industrias has also failed to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985). Jurisdiction is proper.

### B. Procedural requirements

Plaintiffs have met the procedural requirements required for entry of default judgment. A party seeking entry of a default judgment must first obtain an entry of default, see, e.g., Toler v. Glob. Coll. of Nat. Med., Inc., No. 13-10433, 2016 WL 67529, at *5 (E.D. Mich. Jan. 6, 2016), which Plaintiffs have done, see Entry of Default.

Rule 55(b)(2) requires that a party against whom a default judgment is sought be served with written notice if that party has appeared personally or by a representative. Having failed to appear, Industrias is not entitled to notice, but Plaintiffs have provided it anyway. Mot. at 7, 15.[2]

### C. Specified Factors for Entry of Default Judgment

When confronting a motion for an entry of default judgement, courts consider the following factors: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." Russell, 34 F. App'x at 198.

All factors but the fourth favor a grant of Plaintiffs' motion. A denial would result in significant prejudice to Plaintiffs, who have made all reasonable efforts to litigate their claim and involve Industrias in the judicial process. The amended complaint—showing that Industrias contractually accepted responsibility for equipment that Marelli lent to Industrias and was damaged in Industrias's plant, which was non-compliant with fire safety regulations—suggests that a decision on the merits would likely result in the Plaintiffs' favor. Plaintiffs have sufficiently alleged causes of action in their complaint. See Am. Compl. at ¶¶ 29–89. To the extent that any dispute over material facts is possible, Industrias has failed to contest those facts despite numerous

---

[2] Rule 55(b)(2)(B) does not require the Court to conduct a hearing to determine the amount of damages in this case. Evidentiary hearings are unnecessary to resolve motions for entry of default judgments "if sufficient evidence is submitted to support the request for damages . . . or if the amount claimed is one capable of ascertainment from definite figures in the documentary evidence or affidavits." Juana's Packing Co. v. Fed. Bakers USA, No. 1:09-CV-301, 2010 WL 310765, at *1 (W.D. Mich. Jan. 21, 2010). Plaintiffs have provided sufficient evidence to support the amount of damages requested, including a line-item analysis of Marelli's claimed damages compiled by an independent forensic-accounting firm, see Damage Summary (Dkt. 29-10), as well as an executed and notarized affidavit from AXA's large-loss claims specialist attesting to the damages, see Jeannie Shin Affidavit (Dkt. 29-11); Mot. at 15.

opportunities. There does not appear to be "excusable neglect" for Industrias in failing to appear in this action, especially in light of evidence suggesting that Plaintiffs successfully delivered service via email to Industrias's corporate officers, see 6/28/21 Read Receipt Notification (Dkt. 29-5). The preferred outcome of a decision on the merits is not possible when a party refuses to participate.

The fourth factor—the amount of money at stake—does not weigh in favor of an entry of default judgment, as the sum in excess of $3 million is significant. However, even a significant sum is subject to an entry of default judgment if a defendant refuses to appear. In all, these factors tilt heavily in the Plaintiffs' favor.

## II. CONCLUSION

For the reasons stated above, Plaintiffs' motion for entry of default judgment (Dkt. 29) is granted.

SO ORDERED.

Dated: November 4, 2021  s/Mark A. Goldsmith
 Detroit, Michigan  MARK A. GOLDSMITH
  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 4, 2021.

 s/Karri Sandusky
 KARRI SANDUSKY
 Case Manager